## CRYSTAL LAKE PRIVATE PARK, Appellant,
### v.
## GREENFIELD TOWNSHIP.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 2001.
Decided Aug. 15, 2001.

---

Thomas M. Holmes, Scranton, for appellant.

Walter F. Casper, Jr., Carbondale, for appellee.

Before PELLEGRINI, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Crystal Lake Private Park (Appellant) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), denying Appellant's request to retain the names of private roadways located within Appellant's property. We reverse.

Greenfield Township (Township) is located in Lackawanna County. Located with-in the Township is Appellant, a privately owned, not-for-profit corporation consisting of approximately thirty-nine lot-owning members. By deed dated January 31, 1930, James W. Johnson conveyed to Appellant a plat of land including the two private streets at issue, Crystal Park Boulevard and Newton Avenue (collectively, the Private Streets). In order to maintain the private status of the streets, Appellant closes the Private Streets to all traffic for twenty-four hours once a year. Furthermore, none of the Township's funds are used to maintain the Private Streets.

By letter dated December 25, 1998, the Township notified Appellant that Crystal Park Boulevard and Newton Avenue were being renamed Country Club Road and Shadyside Drive, respectively. The Township's action was in response to an effort to establish a comprehensive 911 emergency system. Appellant requested that the Township allow the Private Streets to retain their longstanding names and offered to pay for the expense of replacing the street signs designating the new names. The Township refused. Notification of the public hearing regarding the renaming of the Private Streets was published in The Scranton Times. However, since most of Appellant's members are seasonal residents, they did not receive notice of the hearing.

On May 16, 2000, Appellant filed a rule to show cause why the Private Streets should not retain their names. The Township filed an answer on June 2, 2000. On June 29, 2000, a hearing was held before the trial court. The trial court denied Appellant's request to retain the names of the Private Streets noting that, "[Appellant] is still the private owner of these two roadways but in the interest of public safety, we will allow the name changes to stay in effect." (Trial Court's Opinion of 10/5/00, p. 5).

On appeal to this Court,[1] Appellant argues that the Township had no authority to rename the Private Streets. Specifically, it asserts that pursuant to the Private Roads Act, Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§ 2731–2891, only Appellant has the authority to name the Private Streets. Moreover, Appellant contends that if the Township needed to name the roads to implement the 911 service, it would cause less confusion to designate the Private Streets with their longstanding names than with the new names. We agree.[2]

In opposition, the Township argues that it had the authority to rename the Private Streets pursuant to Section 2329 of the Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* added by Act of November 9, 1995, P.L. 350, 53 P.S. § 67329, which provides:

> The board of supervisors may provide for and regulate the naming of streets, roads and highways. When the naming of a street, road or highway will affect signing maintained by the Department of Transportation, the board of supervisors shall notify the department.

However, Section 102 of the Code defines "road" and "public road" synonymously as, "the entire width between the boundary lines of every way, street, lane, alley, court or public square *maintained by the township which is open to the use of the public for purposes of vehicular travel.*" 53 P.S. § 65102 (emphasis added).

We strongly disagree with the Township's interpretation of its authority under the Code. Since the Township does not maintain the Private Streets, it does not have the authority to rename the Private Streets pursuant to Section 2329 of the Code. Moreover, we can find no legal source, statutory or otherwise, which gives the Township the authority to rename the Private Streets. The record indicates that the Private Streets at issue are nothing more than a driveway to a number of homes; furthermore, the Township does not have the right to plow, fix or even enter the Private Streets without the owner's permission. Additionally, the Private Streets were never dedicated to the Township. Because there is no indicia of control or maintenance by the Township, there was similarly no right to rename the Private Streets. As a result, we conclude that the trial court's decision was in error.

Finally, the record does not support the trial court's conclusion that the renaming was necessary for the purpose of public safety. The 911 emergency system could have been implemented using the longstanding names of the Private Streets and we fail to see how the interest of public safety would be compromised by designating the Private Streets in this manner.

Accordingly, the trial court's order is hereby reversed.

Judge LEADBETTER dissents.

### ***ORDER***

AND NOW, this 15th day of August, 2001, the order of the Court of Common

---

1. Our scope of review is limited and a decree will not be disturbed unless it appears that the chancellor has abused his or her discretion or committed legal error. *Zitelli v. Dermatology Education and Research Foundation,* 534 Pa. 360, 633 A.2d 134 (1993).

2. We note that Appellant also argues that the notice of the public hearing regarding the renaming of the Private Streets was inadequate. However, our decision concerning the first issue of this case is dispositive and necessitates reversal of the trial court. Accordingly, we will not address this issue.

Pleas of Lackawanna County is hereby reversed.